UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. MCKERCHIE,

        Petitioner,         Case No. 1:14-cv-113

v.        Honorable Paul L. Maloney

STATE OF MICHIGAN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for failure to exhaust state remedies.

## Factual Allegations

When he filed the instant action in February 2014, Petitioner Michael D. McKerchie was incarcerated at the Lake County Jail pursuant to a writ from the Michigan Department of

Corrections (MDOC). (*See* Pet., docket #1, Page ID##5, 15.) According to his MDOC profile,[1] in 2007, 2008, and 2009, Petitioner was convicted of multiple offenses under state law, including: fleeing a police officer (second degree), Mich. Comp. Laws § 750.479a(4)(a); unlawfully driving away an automobile, Mich. Comp. Laws § 750.413; escape from a juvenile facility, Mich. Comp. Laws § 750.186a; and fleeing a police officer (third degree), Mich. Comp. Laws § 257. 602a(3)(a). In 2012, Petitioner was released on parole. (*See* MDOC Parole Violation Worksheet & Decision, docket #1-1, Page ID#20.) On May 8, 2013, however, he was arrested for suspected parole violations, including: violation of curfew, changing approved residence without permission, possession of drug paraphernalia, association with a known felon, association with someone violating a state law, and violation of state law. (Pet., docket #1, Page ID#1.) Following his arrest, Petitioner was interviewed by his parole officer and he waived his right to a preliminary parole violation hearing. On May 21, 2013, the MDOC determined that he should be placed at the Lake County Residential Reentry Program (LCRRP) for 90 to 120 days. His MDOC profile indicates that he is currently incarcerated at the Charles Egeler Reception and Guidance Center due to an alleged parole violation.

    Petitioner asserts two grounds for relief. First, he contends that he has been deprived of due process of law because he was not given a copy of the MDOC's decision to transfer him to the LCRRP, and he has not been provided an opportunity for a full parole-violation hearing. Second, he contends that one of the conditions of his parole, "special condition 2.1," violates due process because it allows a parolee to be confined at a residential facility for up to seven and a half months based solely on the referral of a parole officer. (*Id.* at Page ID#7.)

---

[1]*See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=632622 (visited Mar. 18, 2014).

**Discussion**

Petitioner challenges a deprivation of the liberty that he enjoyed while on parole. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court recognized that a parolee has a protectible liberty interest in continued parole status, and that the state must provide the parolee with minimal due process before revoking that status and returning the parolee to prison. *Id.* at 481-82. According to the Court, "the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others." *Id.* at 482. In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process—the preliminary hearing and the revocation hearing. *Id.* at 485. The Court stated that a preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id.* at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. *Id.* at 487-88. The final revocation hearing must be held and a final determination issued within a "reasonable time." *Id.* at 488. Courts have reviewed challenges to the validity of parole-revocation proceedings under § 2254. *See, e.g., Wilkins v. Timmerman-Cooper*, 512 F.3d 768 (6th Cir. 2007).

Assuming that Petitioner states a possible claim, his action is subject to dismissal for lack of exhaustion. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement has been applied to claims like Petitioner's, which challenge a revocation of parole. *See Sneed v. Donahue,* 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action); *Brewer v. Dahlberg,* 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation

because state remedies were arguably available). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

According to Petitioner, he has not presented any of his claims in state court. Apparently, he has attempted to obtain access to legal materials in the county jail for purposes of preparing a motion, without success. He was told to contact his attorney, but his attorney informed him that his (the attorney's) "only obligation is to [Petitioner's] pending case." (Pet., docket #1, Page ID#16.) An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner appears to have at least one available procedure by which to raise the issues he has presented in this application. He may file a state petition for habeas corpus. *See Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629-30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865

(Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus action to challenge his revocation of parole). A petitioner may at any time file a state writ of habeas corpus to challenge a parole decision as long as he will be in custody at the time the judgment becomes effective. *See Triplett*, 371 N.W.2d at 865. Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id.* Denial of such a complaint by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of exhaustion.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each issue under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     March 21, 2014              /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief United States District Judge